United States District Court
Southern District of Texas
**ENTERED**
June 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ADALI VERONICA PINTO, §
§
　　　　Petitioner, §
§
v. § CIVIL ACTION NO. H-26-3583
§
MARKWAYNE MULLIN, et al., §
§
　　　　Respondents. §

## ORDER

Adali Veronica Pinto ("Petitioner"), a citizen of Honduras, entered the United States with a K-1 visa in November 20, 2009.[1] On May 3, 2011, Petitioner adjusted status to Conditional Permanent Resident ("CR1").[2] However, because Petitioner failed to respond to a request for evidence, her CR1 status was terminated on October 3, 2014.[3] On November 14, 2025, Petitioner was released from Harris County Jail into Immigration and Customs Enforcement custody.[4] On November 15, 2025, Petitioner was served a Notice to Appear charging her with removability pursuant to § 237(a)(1)(D)(i) of the Immigration and Nationality Act "in that after admission or

---

[1]Amended Petition for Writ of Habeas Corpus ("Habeas Petition") , Docket Entry No. 7, p. 2 ¶ 1; Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 9, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 9, p. 2.

[3]Id.

[4]Id.

adjustment as an alien lawfully admitted for permanent residence on a conditional basis under § 216 or § 216A of the [Immigration and Nationality Act] your status was terminated under such respective section."[5]    On December 4, 2025, an Immigration Judge denied Petitioner a bond, finding that she was a flight risk and posed a danger to the community.[6]    Petitioner has appealed that decision and she remains in immigration custody.[7]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 7).    Petitioner argues that her prolonged detention without an updated individualized bond hearing violates due process.[8]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 9).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because she is an applicant for admission.[9]

Because Petitioner was lawfully admitted into the United States in 2009 Respondents have not shown that Petitioner is subject to mandatory detention under § 1225(b)(2).

---

[5]Id.

[6]Id.

[7]Id.

[8]Petitioner's Reply to Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment ("Petitioner's Reply"), Docket Entry No. 10, pp. 3-4.

[9]Respondents' MSJ, Docket Entry No. 9, pp. 1-2.

Additionally, the court is not persuaded it has subject matter jurisdiction over this action.  Despite Respondents' assertion that Petitioner is subject to mandatory detention under § 1225(b)(2), Petitioner received a bond hearing, where the immigration judge ultimately decided to deny bond, finding that Petitioner was a flight risk and posed a danger to the community.[10]  Although Petitioner is appealing that decision to the Board of Immigration Appeals, Petitioner now asks this court to order Respondents to hold an <u>additional</u> individualized bond hearing.[11]  An alien is allowed to submit a subsequent request for a bond hearing if her circumstances have changed materially since the last decision to deny bond.[12]  However, there is no evidence that Petitioner has made such a request.  It is well settled that "[a] person seeking habeas relief must first exhaust available administrative remedies."  <u>Hinojosa v. Horn</u>, 896 F.3d 305, 314 (5th Cir. 2018).

Accordingly, the parties are **ORDERED** to file a response by July 1, 2026, explaining why this action should not be dismissed

---

[10]<u>Id.</u>  Petitioners subject to mandatory detention under 1225(b)(2) are not eligible for a bond hearing.

[11]Petitioner's Reply, Docket Entry No. 10, pp. 3-4.

[12]EOIR Policy Manual § 8.3(c)(4), https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (accessed June 18, 2026).

for lack of subject matter jurisdiction.

    **SIGNED** at Houston, Texas, on this 18th day of June, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE
