United States District Court
Southern District of Texas

**ENTERED**
July 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ADALI VERONICA PINTO,           §
                                §
            Petitioner,         §
                                §
v.                              §       CIVIL ACTION NO. H-26-3583
                                §
MARKWAYNE MULLIN, et al.,       §
                                §
            Respondents.        §

## ORDER

On June 18, 2026, the court entered an order requiring each party to file a response explaining why this action should not be dismissed for lack of subject matter jurisdiction.[1]

The court is not satisfied with either parties' response. Respondents' response simply states that "this action should be dismissed for lack of subject matter jurisdiction" without citing to any authority to support that position.[2]   Additionally, Respondents failed to address the fact that Petitioner is not subject to mandatory detention under § 1225(b)(2).[3]

---

[1]Order, Docket Entry No. 11, pp. 3-4.   For identification purposes all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' Response to Court Order, Docket Entry No. 12, p. 1.

[3]Order, Docket Entry No. 11, p. 2.   The Fifth Circuit has also made it clear that § 1226 applies to aliens such as Petitioner, who have been lawfully admitted to the United States. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 504-05 (5th Cir. 2026) (stating that "only § 1226(a) applies to admitted aliens who overstay their visas, become deportable on many different grounds, or were admitted erroneously due to fraud or some other error").

While Petitioner's response is more substantive, her argument that the court has subject matter jurisdiction over her action because she is challenging her prolonged detention under the Due Process Clause does not adequately address the fact that her Habeas Petition alleges that her prolonged detention "is based on a constitutionally deficient custody determination."[4] As previously stated in the June 18, 2026 order, the court does not have jurisdiction to rehear the bond determination of the immigration judge.

Respondents are **ORDERED** to file a response within 20 days addressing the following issues: (1) what statutory authority Petitioner is detained under; (2) whether the court has jurisdiction over Petitioner's due process claim when an immigration judge denied Petitioner a bond after a hearing; and (3) whether Petitioner's prolonged detention after being denied a bond violates due process. Petitioner is **ORDERED** to respond to any response by Respondents within 20 days. Both parties must cite to applicable case law and submit any controlling statutory and case authority as exhibits to the court.

**SIGNED** at Houston, Texas, on this 2nd day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[4]Petition for Writ of Habeas Corpus, Docket Entry No. 1, p. 2 ¶ 4.