United States District Court
Southern District of Texas

**ENTERED**

August 14, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADALI VERONICA PINTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3583 |
| | § | |
| MARKWAYNE MULLIN, et al., | § | |
| | § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Adali Veronica Pinto ("Petitioner"), a citizen of Honduras, entered the United States with a K-1 visa on November 20, 2009.[1]  On May 3, 2011, Petitioner adjusted status to Conditional Permanent Resident ("CR1").[2]  However, because Petitioner failed to respond to a request for evidence, her CR1 status was terminated on October 3, 2014.[3]  On November 14, 2025, Petitioner was released from Harris County Jail into Immigration and Customs Enforcement custody.[4]  On November 15, 2025, Petitioner was served a Notice to Appear charging her with removability pursuant to § 237(a)(1)(D)(i) of the Immigration and Nationality Act "in that after admission or adjustment as an alien lawfully admitted for permanent residence on a conditional basis under § 216 or § 216A of the [Immigration and Nationality Act] [her] status was terminated under such

---

[1]Amended Petition for Writ of Habeas Corpus ("Habeas Petition") , Docket Entry No. 7, p. 2 ¶ 1; Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 9, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 9, p. 2.

[3]Id.

[4]Id.

respective section."[5] On December 4, 2025, an Immigration Judge denied Petitioner a bond, finding that she was a flight risk and posed a danger to the community.[6] Petitioner has appealed that decision and she remains in immigration custody.[7]

On May 26, 2026, Petitioner filed a Habeas Petition, arguing that her prolonged detention without an updated individualized bond hearing violates due process.[8] Respondents' filed a Motion for Summary Judgment on June 4, 2026, arguing that Petitioner's detention does not violate due process because she is legally detained under § 1225(b)(2) as an applicant for admission.[9]

Because Petitioner was lawfully admitted into the United States in 2009 and Petitioner had already received a bond hearing, the court entered an order on July 2, 2026, requiring the parties to explain (1) what statutory authority Petitioner is detained under, (2) whether the court has jurisdiction over Petitioner's due process claim when an immigration denied Petitioner a bond after a hearing, and (3) whether Petitioner's prolonged detention after being denied a bond violates due process.[10] Respondents filed their response to the order on July 22, 2026, stating that Petitioner is detained under § 1226(a) and arguing that (1) § 1226(e) strips the court of jurisdiction over this action and (2) Petitioner's detention does not violate due process because she received a bond

---

[5]Id.

[6]Id.

[7]Id.

[8]Petitioner's Reply to Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment, Docket Entry No. 10, pp. 3–4.

[9]Respondents' MSJ, Docket Entry No. 9, pp. 1-2.

[10]Order, Docket Entry No. 14, p. 2.

hearing.[11]    Petitioner filed her response on August 12, 2026, arguing that (1) the court has jurisdiction over this action because she is challenging the constitutionality of her detention and (2) her detention violates due process.[12]

Because "Petitioner does not ask [the court] to review the Immigration Judge's discretionary bond determination" and is instead "challenging whether the process resulting in her continued detention satisfies the Due Process Clause," the court concludes that it has jurisdiction over this action.    Section 1226(e) is not applicable here because the court can consider Petitioner's constitutional claim without substituting its judgment for that of the immigration judge.

Petitioner's prolonged detention after being denied a bond does not violate due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)).  Moreover, a procedural due process claims fails because Petitioner is in removal proceedings, received a bond hearing, and is appealing the immigration judge's decision to deny her a bond.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 9) as amended by Respondents' Response to Court Order (Docket Entry No. 15)[13] is

---

[11]Respondents' Response to Court Order, Docket Entry No. 15, pp. 1–4.  Section 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review."  8 U.S.C. § 1226(e).

[12]Petitioner's Response to Order to Show Cause, Exhibit 1 to Petitioner's Unopposed Motion for Leave to File Untimely Reply, Docket Entry No. 16-1, pp. 1–3.

[13]Although Respondents' Motion for Summary Judgment incorrectly states that Petitioner is subject to mandatory detention under § 1225(b)(2), Respondents make clear that Petitioner is
(continued...)

**GRANTED,** and Petitioner's Amended Petition for Writ of Habeas Corpus  (Docket Entry No. 1)

is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 14th day of August, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[13](...continued)
detained under § 1226(a) in their Response to Court Order (Docket Entry No. 15).